**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ANGELA WILLIAMS,<br>*Plaintiff* | §<br>§ | |
| | § | |
| v. | § | Case No. SA-26-CV-02110-XR |
| | § | |
| WALGREEN CO. D/B/A WALGREENS,<br>*Defendant* | §<br>§ | |

**ORDER ON MOTION TO DISMISS**

On this date, the Court considered Defendant Walgreen Co. D/B/A Walgreens' Motion to Dismiss (ECF No. 21). After careful consideration, the Court issues the following order.

**BACKGROUND**

On April 11, 2025, Plaintiff Angela Williams visited a Walgreens store located at 2200 E Houston St., San Antonio, Texas 78202. ECF No. 19 at 2. She alleges that, "[w]hile shopping, Plaintiff slipped on liquid that was on the floor. Plaintiff attempted to catch herself but landed on her knee. . . . Plaintiff did not contribute to or cause the accident in any way." ECF No. 21 ¶ 9. She alleges that the spill was "caused by Defendant employees" or, alternatively, that "Defendant knew or reasonably should have known of the [spill] after reasonable inspection." *Id.* ¶ 13.

In February 2026, Plaintiff filed her Original Petition in the 438th Judicial District Court of Bexar County, Texas, asserting claims for premises liability and both direct and derivative negligence against Walgreen Co. D/B/A Walgreens ("Walgreens"), San Antonio Houston LLC, and Walgreens #04160 S-PPT. ECF No. 1-2 at 3–6. After filing its answer, Walgreens removed the case to this Court based on diversity jurisdiction. ECF No. 1.

In July 2026, Williams filed an amended complaint, abandoning her negligence claims and all claims against Walgreens #04160 S-PPT and San Antonio Houston. ECF No. 19 at 3.

Walgreens has moved to dismiss the remaining claim for premises liability.[1] ECF No. 21. Williams has not responded to the motion, and the time to do so has expired.

**DISCUSSION**

**I. Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. S.A., L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014).

In considering a motion under Rule 12(b)(6), all factual allegations from the complaint should be taken as true and construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

---

[1] The Court allowed Defendant to move for dismissal after filing its answer in State court because "Rule 12's directions on the timing of filing a motion to dismiss . . . did not govern the actions of defendants prior to removal." *Smith v. Bank of Am. Corp.*, No. A-13-CV-193 LY, 2013 WL 12033215, at *4 (W.D. Tex. May 1, 2013), *adopted*, 2013 WL 12033379 (W.D. Tex. Aug. 5, 2013). Text Order Dated July 23, 2026. Defendant's motion also asserted three additional arguments addressing Plaintiff's negligence claims that were rendered moot by the amended complaint.

## II. Analysis

To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements:

> (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee.

*Henkel v. Norman,* 441 S.W.3d 249, 251–52 (Tex. 2014).

Walgreens argues that Williams's premises liability claim fails from the outset because she has not alleged any facts from which the Court could reasonably infer that Walgreens knew or should have known about the spill. ECF No. 21 at 8–13. The Court disagrees.

The Texas Supreme Court has ruled that actual or constructive knowledge can be proven by evidence that "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

To be sure, Plaintiff has not alleged specific facts that would allow the Court to infer that Defendant had *constructive* knowledge of the spill, i.e., allegations that "provide[ ] context for how long the hazardous condition had existed, in the form of either a discrete and readily documented antecedent event (e.g., a rainfall) or an attribute of the hazard (e.g., a puddle's size, from which the jury could reasonably infer how long the puddle had been growing)." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 360 (5th Cir. 2017). The absence of such factual matter is not fatal to Plaintiff's claim, however, because, by alleging that the spill was "caused by Walgreens employees," she has adequately alleged *actual* knowledge. *See* ECF No. 1 ¶ 13.

*White v. Wal-Mart Stores, Inc.* is instructive. No. CIV.A. H-11-2733, 2012 WL 401129 (S.D. Tex. Feb. 7, 2012). Despite admitting that she had no idea how long the fruit she slipped on had been on the floor, Plaintiff alleged that either an employee of the defendant had placed it there or that it had been there long enough for defendant to have constructive knowledge. *Id.* at *1. But, in denying Wal-Mart's 12(b)(6) and summary judgment motions, the court observed that a "[p]laintiff need not have witnessed personally the underlying facts for every element of her claim." *Id.* at *4. Rather, "[p]laintiffs are allowed to allege information in their complaints on information and belief, or based on information that other witnesses may have seen. It is the duty of the Court to accept these facts as true, without considering whether or not Plaintiff personally witnessed each incident." *Id*. at *2.

"A pleader is not required to allege each and every fact that may be relevant to his or her claim. Such a requirement would necessarily run counter to the pleading standard contemplated under Rule 8. . . . If [a defendant] believes that proof is lacking as to any of the elements necessary for Plaintiffs to prevail on a claim for premises liability, it must address the matter by way of summary judgment." *McCarty v. Hillstone Rest. Grp., Inc.*, No. 3:15-CV-518-L, 2015 WL 7076474, at *5 (N.D. Tex. Nov. 12, 2015).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 21) is **DENIED**.

It is so **ORDERED.**

**SIGNED** this 22nd day of October 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE